**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANOTHONY GOOCH, # M-25177, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00172-NJR |
| ) | |
| STEVEN DUNCAN, JESSICA SMITH, ) | |
| MRS. NEW, DOCTOR COE, and ) | |
| WEXFORD HEALTH SERVICES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Anthony Gooch, an inmate at Lawrence Correctional Center ("Lawrence"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional rights were violated when he was subjected to four months in segregation without the opportunity to exercise and denied access to medical and mental health care. (Doc. 1).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to organize the claims in Plaintiff's *pro se* complaint, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendant Duncan violated Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment when he denied Plaintiff out-of-cell exercise opportunities for nearly four months.**

On October 5, 2015, Plaintiff was found guilty of three disciplinary infractions: causing a dangerous disturbance, impeding or interfering with an investigation, and fighting. (Doc. 1, p. 10). The resulting disciplinary action included one month loss of good conduct credit, three months C grade status, three months in segregation, and three months yard restriction. *Id*. This disciplinary action was approved by Defendant Duncan, the warden at Lawrence.

Plaintiff does not dispute that he was fighting, nor does he assert that he was denied due process in the course of his disciplinary hearing. Instead, he challenges the constitutionality of being denied all out-of-cell exercise opportunities for nearly four months. *Id*. at 25.

It is unclear whether Plaintiff remains in segregation at this time. But for at least almost four months while he was, he was confined to his cell 24 hours a day, 7 days a week. *Id*. During that time, he was denied access to the dayroom and all out-of-cell exercise opportunities. *Id*. As a result, his muscles started to atrophy; he lost weight; and the lack of exercise caused him to suffer severe neck, back, and joint pains. *Id*. Plaintiff asserts that Defendant Duncan is responsible for this alleged constitutional violation because, as warden, he approved the denial of out-of-cell exercise opportunities and continued to enforce the practice even after Plaintiff notified him through an emergency grievance of the adverse consequences. *Id*. at 11.

The Seventh Circuit has acknowledged that denying inmates the opportunity to exercise for extended periods of time may state a constitutional claim. *See Delaney v. DeTella*, 256 F.3d 679, 683-85 (7th Cir. 2001) (six month denial states a claim and strong likelihood of psychological injury present after 90 days); *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) (viable constitutional claim where prisoner denied recreational opportunities for 7 weeks);

*Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989) (reversing summary judgment where segregated prisoner denied exercise for 101 days); *see also Turley v. Rednour*, 729 F.3d 645, 652-53 (7th Cir. 2013) (plaintiff stated Eighth Amendment claim where cumulative effect of repeated lockdowns deprived him of yard privileges, and cell was too small for physical activity). Based on these standards, the Court is unable to dismiss Plaintiff's claim at this point in the litigation. Plaintiff may proceed on his Eighth Amendment claim under Count 1 against Defendant Duncan.

A note is in order, however, regarding Plaintiff's requested relief under this claim. In addition to a request for monetary relief, Plaintiff seeks a "restraining order" to prevent Defendant Duncan from enforcing restrictions that would deny inmates five hours a week of out-of-cell exercise opportunities. Since it is unclear whether Plaintiff is still in segregation and subject to the out-of-cell exercise restrictions, the Court construes Plaintiff's request as a general, rather than more immediate, request for injunctive relief. Of course, if Plaintiff wishes to seek more immediate injunctive relief, he may file a motion in compliance with Rule 65 of the Federal Rules of Civil Procedure.

**Count 2:** **Defendants Smith, New, Coe, and Wexford Health Services acted with deliberate indifference to Plaintiff's serious medical needs when they denied him access to medical and mental health treatment while he was in segregation.**

Plaintiff asserts that he began suffering severe neck, back, and joint pain as a result of being confined to his cell around the clock. (Doc. 1, p. 25). He was seen by Defendant Dr. Coe at some point, but the only treatment Defendant Coe offered was one packet of ibuprofen, which did little to alleviate Plaintiff's pain. *Id*. Following that visit, Plaintiff submitted at least four separate requests to be seen by the doctor again, but all of his requests went unanswered. *Id*. at 11-15, 26.

As time went on, and Plaintiff's pain continued to go untreated, Plaintiff states that he became anxious and depressed. *Id*. at 26. Plaintiff attempted to speak with Defendants Smith and New, mental health professionals assigned to his unit, but he claims that they refused to see him on a one-on-one basis. *Id*. at 27. Defendant New did refer Plaintiff to see the psychiatrist, but the only assistance the psychiatrist offered was a referral back to Defendants Smith and New, who Plaintiff contends refused to help him. *Id*. Lastly, Plaintiff contends that Defendant Wexford Health Services should be held liable "for the actions of their employees." *Id*. at 28.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir.2009) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011).

The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley,* 414 F.3d 645, 653 (7th Cir. 2005). Moreover, "[a] medical condition need not be life-threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011) (quoting *Gayton v. McCoy,* 593 F.3d 610, 620 (7th Cir. 2010)). In addition, the Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

Here, Plaintiff alleges that while in segregation he suffered from severe neck, back, and joint pain that went untreated, aside from one packet of ibuprofen. He also states that he suffered from anxiety and depression, which also went untreated. At this stage, Plaintiff has sufficiently alleged that he had serious medical needs that were not being treated. The question then is whether the Defendants were deliberately indifferent to those needs.

To establish deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett*, 658 F.3d 742, 753 (7th Cir. 2011). *See also McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). But, to be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Plaintiff asserts that the only treatment Defendant Coe offered Plaintiff for his severe neck, back, and joint pain was one packet of ibuprofen, which only lasted a couple of days. After that, Plaintiff made repeated requests to be seen again by Defendant Coe, but all of his requests went unanswered. At this stage, Plaintiff's claim against Defendant Coe cannot be dismissed.

Likewise, Plaintiff has sufficiently stated a denial of medical care claim against Defendants New and Smith. Plaintiff asserts that he sought mental health treatment from New and Smith, the mental health professionals assigned to his unit, but they repeatedly rebuffed his

requests. Again, at the preliminary stage, Plaintiff's claims against Defendants New and Smith cannot be dismissed.

Plaintiff's medical care claim against Defendant Wexford Health Services, however, must be dismissed. Plaintiff contends that because Defendant Wexford Health Care Services employs Defendants Coe, New, and Smith, Wexford is liable for the inadequate medical care he received from each of them. But Wexford cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. Therefore, the claim against Defendant Wexford under Count 2 shall be dismissed without prejudice.

## Pending Motions

**Motion for Recruitment of Counsel (Doc. 3)**

Plaintiff's motion for recruitment of counsel (Doc. 3) remains **PENDING** and shall be referred to United States Magistrate Judge Wilkerson for a decision.

**Motion for Service of Process at Government Expense (Doc. 4)**

Because Plaintiff has been granted *in forma pauperis* status, his motion for service of process at government expense (Doc. 3) is unnecessary and, therefore, **DENIED as moot**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff may proceed on **COUNT 1** (denial of exercise claim) against Defendant **DUNCAN** and **COUNT 2** (denial of medical care claim) against Defendants **COE, NEW,** and **SMITH.**

**IT IS FURTHER ORDERED** that Defendant **WEXFORD HEALTH SERVICES** is **DISMISSED without prejudice** from this action.

The Clerk of Court shall prepare for Defendants **DUNCAN, COE, NEW,** and **SMITH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Wilkerson for further pre-trial proceedings, which shall include a determination on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: March 14, 2016**

    _____
    **NANCY J. ROSENSTENGEL**
    **United States District Judge**